UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE LEE CHRISTOPHER　*Plaintiff*, <br><br>v.<br><br>JOSE AMARO, HOLMAN BOILER WORKS, INC. d/b/a HOLMAN BOILER, and CLEAVER-BROOKS SALES AND SERVICE, INC. d/b/a CLEAVER-BROOKS　*Defendants*. | §§§§§§§§§§§§§<br><br>CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendant Cleaver-Brooks Sales and Service, Inc., formerly known as Holman Boiler Works, Inc., (hereinafter sometimes referred to as the "Cleaver-Brooks") hereby files this Notice of Removal of the above-styled action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully shows the Court as follows:

### I.
### Introduction

1.　Plaintiff Terrance Lee Christopher ("Plaintiff") originally brought this action in the County Court at Law No. 5, of Dallas County, Texas. Plaintiff alleges that he sustained serious bodily injury as a result of an automobile collision with a vehicle driven by Defendant Jose Amaro ("Amaro") that occurred on or about August 26, 2013, in Dallas County, Texas. Plaintiff seeks damages in excess of $200,000.

2.　Plaintiff improperly named both Holman Boiler Works, Inc. and

Cleaver-Brooks Sales and Service, Inc. as Defendants. Plaintiff alleges that these entities are vicariously liable or directly liable for the alleged conduct of Amaro. However, Cleaver-Brooks Sales and Service, Inc. and Holman Boiler Works, Inc. are not separate entities. Rather, Holman Boiler Works, Inc. was the surviving entity of a merger and changed its name to "Cleaver-Brooks Sales and Service, Inc." on or about December 1, 2014.

3. Plaintiff is an individual and citizen of the State of Texas.

4. Amaro is an individual and a citizen of Puerto Rico.

5. Cleaver-Brooks Sales and Service, Inc. is a Delaware corporation, with its principal place of business in Thomasville, Georgia. Thus, Cleaver-Brooks is a citizen of both Delaware and Georgia.

6. This Court has diversity jurisdiction over this action because complete diversity of citizenship exists between all parties, and the amount in controversy exceeds $75,000. Accordingly, Cleaver-Brooks removes the case to this Court.

## II.
## Procedural History

7. On April 22, 2015, Plaintiff filed Cause No. CC-15-02069-E, in the County Court at Law No. 5, Dallas County, Texas, styled *Terrance Lee Christopher v. Jose Amaro, Holman Boiler Works, Inc. d/b/a Holman Boiler, and Cleaver-Brooks Sales and Service, Inc. d/b/a Cleaver-Brooks* (the "State Court Action").

8. Plaintiff's Original Petition in the State Court Action asserts a jury demand.

9. Cleaver-Brooks is a named Defendant in the State Court Action and

was served with citation on April 27, 2015.  Cleaver-Brooks timely filed its Answer to the State Court Action on May 18, 2015.

10. Defendant Jose Amaro ("Amaro") has not yet been served with citation or otherwise entered an appearance in the State Court Action.

11. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed with this Court within thirty days after Cleaver-Brooks received a copy of Plaintiff's initial pleading in the State Court Action.

12. Pursuant to 28 U.S.C. § 1446(a) and attached as Exhibit A to this Notice of Removal are true and correct copies of all process, pleadings, and orders served in the State Court Action to date:

| Exhibit | Title |
| --- | --- |
| A | Index of all State Court Documents |
| A-1 | Docket Sheet |
| A-2 | Civil Case Information Sheet |
| A-3 | Plaintiff's Original Petition |
| A-4 | Citation for Jose Amaro |
| A-5 | Citation for Cleaver-Brooks Sales and Service, Inc. d/b/a Cleaver-Brooks |
| A-6 | Citation for Holman Boiler Works, Inc. d/b/a Holman Boiler |
| A-7 | Return of Service for Holman Boiler Works, Inc. d/b/a Holman Boiler |
| A-8 | Return of Service for Cleaver-Brooks Sales and Service, Inc. d/b/a Cleaver-Brooks |
| A-9 | Original Answer of Defendant Cleaver-Brooks Sales and Service, Inc., Formerly known as Holman Boiler Works, Inc. |

13. Attached as Exhibit B to this Notice of Removal is the Affidavit of John Oakley, Vice-President, Secretary, Treasurer, and Director of Cleaver-Brooks Sales and Service, Inc.  Exhibit B-1 is a true and correct copy of the Certificate of Merger

of Holman Boiler Works, Inc., now known as Cleaver-Brooks Sales and Service, Inc., dated December 1, 2014 and filed with the Office of the Secretary of State of Texas.

14.     The exhibits attached to this Notice of Removal further establish that federal jurisdiction is appropriate in this action.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441 because the Northern District of Texas is the federal judicial district encompassing the County Court at Law No. 5 in Dallas County, Texas, where the State Court Action was originally filed.

16.     Pursuant to 28 U.S.C. § 1446(d), Cleaver-Brooks has filed this Notice of Removal with this Court, is serving a copy of this Notice upon all parties of record, and will promptly file a copy in the County Court at Law No. 5 of Dallas County, Texas.

### III.
### Plaintiff's State Court Allegations

17.     In his Original Petition, Plaintiff alleges that he sustained injuries in an automobile collision with a vehicle driven by Amaro that occurred on or about August 26, 2013, in Dallas County, Texas. Ex. A-3, ¶ 4.1.

18.     Plaintiff alleges that Amaro is liable for his purported injuries under theories of negligence and negligence per se. Ex. A-3, ¶¶ 5.1–6.1.

19.     Plaintiff alleges that Holman Boiler Works, Inc. is vicariously liable for his purported injuries under respondeat superior, joint venture, and agency, based on allegations that Amaro was in the course and scope of his employment with Holman Boiler Works, Inc. at the time of the accident. *Id.* ¶ 7.1 Plaintiff further

assets direct negligence claims against Holman Boiler Works, Inc. for negligent entrustment and negligent hiring, supervision, training and retention. *Id.* ¶¶ 8.1–9.

20. Plaintiff asserts that Cleaver-Brooks is also liable for any negligent acts of Holman Boiler Works, Inc. and its agents, by way of a purported acquisition of Holman's assets and liabilities on or about December 1, 2014. *Id.* ¶ 10.1. Alternatively, Plaintiff alleges that Holman Boiler Works, Inc. survived a merger of entities, which occurred on or about December 1, 2014, and changed its name to "Cleaver-Brooks Sales and Service, Inc." *Id.* ¶ 10.2.

21. Plaintiff seeks compensatory and exemplary damages in excess of $200,000 and has requested a trial by jury. *Id.* ¶¶ 2.5, 13.1.

## IV.
## Diversity Jurisdiction Exists under 28 U.S.C. § 1332(a)

22. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Cleaver-Brooks may, therefore, properly remove this action to this Court pursuant to 28 U.S.C. § 1441(a).

### A.   The Citizenship of Plaintiff and Defendants are Diverse.

23. Plaintiff is an individual and citizen of Texas. He currently resides in Midlothian, Texas. *See id.* ¶ 1.1.

24. Defendant Amaro is an individual and citizen of Puerto Rico. He currently resides at 141 Calle Baldorioty, Salinas, Puerto Rico 00751. *Id.* ¶ 1.2.

25. Although Plaintiff has named both Cleaver-Brooks and Holman Boiler

Works, Inc. as Defendants in the State Court Action, they are not separate entities. Ex. B, ¶ 3. Rather, Holman Boiler Works, Inc. was the surviving entity of a merger and changed its name to "Cleaver-Brooks Sales and Service, Inc." on or about December 1, 2014. *Id.;* Ex. B-1 p.3, *see also* Ex. A-3 ¶ 10.2 (pleading this proposition in the alternative).

26.     Cleaver-Brooks is a corporation incorporated under the laws of the Delaware. Ex. A-3 ¶ 1.2; Ex. B ¶ 4. Cleaver-Brooks' principal place of business is in Thomasville, Georgia 31792. *Id.* ¶ 4; *see also* Ex. B and B-1, p. 3.

27.     John Oakley is the Vice-President, Secretary, and Treasurer of Cleaver-Brooks. Ex. B ¶ 2. Cleaver-Brooks has two Directors: John Oakley and Bart Aiken. *Id.* ¶¶ 2, 6. John Oakley's and Bart Aiken's offices are located at 221 Law Street, in Thomasville, Georgia. *Id.* ¶¶ 5–6.

28.     Key decisions regarding the activities of Cleaver-Brooks, including but not limited to decisions concerning the execution of significant contracts, hiring of officers or other high-level employees, approval of financial budgets and capital expenditures, and decisions regarding the business plan and direction of Cleaver-Brooks are controlled, coordinated and/or approved by John Oakley and/or Bart Aiken. *Id.* ¶ 7. Thus, the activities of Cleaver-Brooks Sales and Service, Inc. are directed, controlled and coordinated in Thomasville, Georgia. *Id.*

29.     Because overall direction, control, and coordination of Cleaver-Brooks comes from the key decision makers in Thomasville, Georgia, Cleaver-Brooks' principal place of business is located in Georgia. *See* 28 U.S.C. § 1332 (c)(1); *see*

*Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (adopting the "nerve center" test for determining a corporation's principal place of business); *see also Grupo Dataflux v. Atlas Glob. Grp, L.P.*, 541 U.S. 567, 570–71 (2004) (noting that diversity jurisdiction is generally determined at the time of filing). Thus, Cleaver-Brooks is a citizen of Delaware and Georgia. *Id.*

30. Accordingly, the controversy between Plaintiff and Defendants is between citizens of different states, and complete diversity exists as to all parties.

## B. The Amount in Controversy Exceeds $75,000.

31. Plaintiff alleges to have suffered "serious bodily injury" from the accident and seeks monetary damages including past and future medical expenses, past and future physical pain and mental anguish, past and future physical impairment, past and future disfigurement and scarring, and past and future loss of earning capacity, as well as exemplary damages in a dollar amount of "over $200,000 but not more than $1,000,000." *See* Ex. A-3 ¶¶ 2.5, 11.1. Accordingly, the amount in controversy exceeds the requisite $75,000 set forth in 28 U.S.C. § 1332 for diversity jurisdiction.

## V.
## Conclusion

32. In conclusion, Cleaver-Brooks Sales and Service, Inc. respectfully requests that this Court assume jurisdiction over this action as provided by law because complete diversity of citizenship exists between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000 in accordance with 28 U.S.C. § 1332.

Respectfully submitted,

*/s/ Patrick Madden*

**Patrick F. Madden**
Texas Bar No. 00787943
pmadden@macdonalddevin.com
**Nathan W. Shackelford**
Texas Bar No. 24070598
nshackelford@macdonalddevin.com

MACDONALD DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
214.744.3300
214.747.0942 (Facsimile)

*Attorneys for Defendant Cleaver-Brooks Sales and Service, Inc., formerly known as Holman Boiler Works, Inc.*

## CERTIFICATE OF SERVICE

On May 27, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Nathan W. Shackelford