

**JOHN F. WARREN**
Dallas County Clerk
George Allen Sr. Court Bldg.
600 Commerce St, Ste 101
Dallas, Texas  75202-3551

STATE OF TEXAS '

COUNTY OF DALLAS '

I, John F. Warren, Clerk of the County Court of Dallas County Court at Law No. 5, Dallas County, Texas do hereby certify that the foregoing is a true and correct copy of document in Cause No. CC-15-02069-E.

TERRANCE LEE CHRISTOPHER, **PLAINTIFF (S)**

VS

JOSE AMARO; HOLMAN BOILER WORKS, INC. D/B/A HOLMAN BOILER; CLEAVER-BROOKS SALES AND SERVICE, INC.D/B/A CLEAVER-BROOKS,

**DEFENDANT (S)**

Plaintiff's Original Petition And Requests For Written Discovery To Defendants filed on 22nd day of April, 2015 in the Dallas County Court at Law No. 5, Dallas County, Texas.

**WITNESS MY HAND AND SEAL** of said Court this 26th day of May, 2015.

John F. Warren, County Clerk

By: _____
Guisla Hernandez, Deputy

EXHIBIT
**A-3**

FILED
3/22/2015 11:20:38 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-15-02069-E

| | | |
|---|---|---|
| TERRANCE LEE CHRISTOPHER<br>*PLAINTIFF* | § § § | IN THE COUNTY COURT |
| VS. | § § § | AT LAW NO. _____ |
| JOSE AMARO, HOLMAN BOILER<br>WORKS, INC. d/b/a HOLMAN BOILER<br>and CLEAVER-BROOKS SALES<br>AND SERVICE, INC. d/b/a<br>CLEAVER-BROOKS<br>*DEFENDANTS* | § § § § § § § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND**
**REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, COMES NOW, TERRANCE LEE CHRISTOPHER ("Plaintiff") complaining of JOSE AMARO ("Defendant Amaro"), HOLMAN BOILER WORKS, INC. d/b/a HOLMAN BOILER ("Defendant Holman Boiler Works"), and CLEAVER-BROOKS SALES AND SERVICE, INC. d/b/a CLEAVER-BROOKS ("Defendant Cleaver-Brooks") (hereinafter collectively referred to as "Defendants") to recover damages owed to TERRANCE LEE CHRISTOPHER and for cause of action would respectfully show unto the Court as follows:

Discovery is intended to be conducted under Level 3 of TEXAS RULES OF CIVIL PROCEDURE 190.

### I. PARTIES

1.1     Plaintiff TERRANCE LEE CHRISTOPHER is an individual and resident of Midlothian, Texas. The last three digits of Plaintiff's Driver's License Number are 537. The last three digits of Plaintiff's Social Security Number are 727.

1.2     Defendant JOSE AMARO, is an individual and a resident of Salinas, Puerto Rico,



and may be served with citation at his place of residence, 141 Calle Baldorioty, Salinas, Puerto Rico 00751, and may be served by anyone over the age of eighteen (18) who is not a party of this suit.

1.3     Defendant HOLMAN BOILER WORKS, INC., is a corporation incorporated under the laws of the State of Delaware and having its principal place of business located at 1956 Singleton Blvd., Dallas, Dallas County, Texas 75212, and does business as "Homan" and/or "Holman Boiler" and/or "Cleaver-Brooks" may be served with citation by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at its registered office, 211 E. 7th Street, Suite 620, Austin, Travis County, Texas.

1.4     Defendant CLEAVER-BROOKS SALES AND SERVICE, INC., is a corporation incorporated under the laws of the Delaware and having its principal place of business located at 1956 Singleton Blvd., Dallas, Dallas County, Texas 75212, and does business as "Cleaver-Brooks" and "Holman" and "Holman Boiler" and may be served with citation by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at its registered office, 211 E. 7th Street, Suite 620, Austin, Travis County, Texas.

## II. JURISDICTION

2.1     The Court has jurisdiction over Defendant JOSE AMARO, a nonresident, because Defendant purposely availed himself of the privilege of conducting activities in Texas by operating a motor vehicle in Texas that was involved in a collision or accident.

2.2     The Court has jurisdiction over Defendant HOLMAN BOILER WORKS, INC. because Defendant is a company doing business within the State of Texas at the time of the occurrence in question and, thereby, submitted themselves to the jurisdiction of the Court.

2.3     The Court has jurisdiction over Defendant CLEAVER-BROOKS SALES AND SERVICE, INC. because Defendant is a company doing business within the State of Texas at the



TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

time of the occurrence in question and, thereby, submitted themselves to the jurisdiction of the Court.

2.4   The Court has jurisdiction over the amount in controversy because the damages are within the jurisdictional limits of the Court.

2.5   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00, but not more than $1,000,000.00.

### III. VENUE

3.1   Venue is proper in Dallas County, Texas because all or a substantial part of the events underlining the occurrence took place in Dallas County.

### IV. BACKGROUND

4.1   Plaintiff brings this suit to recover damages for personal injuries sustained by Plaintiff in a collision in Dallas, Dallas County, Texas on or about August 26, 2013, which collision was proximately caused by the negligence of Defendant Amaro. At the time of the collision, Mr. Christopher was traveling in a brown colored 2001 GMC Sonoma pickup and was driving westbound in the 1200 block of Medical District Drive in Dallas, Dallas County, Texas. Defendant Amaro, was driving a black colored 2013 Ford Flex in the northbound center lane in the 2600 block of Irving Boulevard (SH 356) in Dallas, Dallas County, Texas. Mr. Christopher was traveling in the far left lane attempting to make a left hand turn onto the southbound 2600 block of Irving Boulevard when Mr. Amaro ran a red light and collided with Mr. Christopher's vehicle. Mr. Christopher sustained serious bodily injury.

### V. FIRST CLAIM FOR RELIEF - NEGLIGENCE

5.1   Plaintiff would show that on the occasion in question, Defendant Amaro failed to use ordinary care by various acts and omissions, including the following, each of which, singularly or in combination with others, was a proximate cause of the occurrence in question:

Plaintiff's Original Petition with Written Discovery  Page 3

a. In traveling at an excessive rate of speed;

b. In failing to keep a proper lookout;

c. In failing to make a timely application of the brakes;

d. In failing to turn the vehicle in order to avoid the collision;

e. In failing to yield the right-of-way;

f. In failing to safely park or stop the vehicle;

g. In failing to obey traffic signs warning of approaching hazard or a traffic sign regulating the speed and movement of traffic;

h. In failing to maintain an assured clear distance between the vehicles; and

i. In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

5.2   Each of such acts or omissions, singularly or in combination with others, constitutes negligence on the part of Defendant Amaro which proximately caused the injuries and damages which Plaintiff now suffers.

## VI. CAUSE OF ACTION – NEGLIGENCE PER SE

6.1   By failing to stop at a red light, Defendant Amaro was negligent *per se* in violation of the TEX. TRANSP. CODE ANN. §545.151(a)(1)(A), and such negligence *per se* was a proximate cause of the occurrence in question. In addition, Defendant Amaro was negligent per se by violating TEX. TRANSP. CODE ANN. §545.151(f).

## VII. CAUSES OF ACTION AGAINST DEFENDANT - HOLMAN BOILER WORKS

7.1   At the time of the collision in question, Defendant Amaro was within the course and scope of his employment with Defendant Holman Boiler Works. Defendant Holman Boiler Works is responsible for the negligent acts of their employee pursuant to the doctrines of

Plaintiff's Original Petition with Written Discovery       Page 4


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

Respondeat Superior, Joint Venture and Agency.

### VIII. NEGLIGENT ENTRUSTMENT – HOLMAN BOILER WORKS

8.1    At the time and on the occasion in question, and immediately prior thereto, Defendant Holman Boiler Works was guilty of negligent entrustment, in that Defendant Holman Boiler Works knew or should have known that Defendant Amaro was an unlicensed, incompetent, and/or reckless driver.

### IX. NEGLIGENT HIRING, SUPERVISING, TRAINING AND/OR RETAINING AN EMPLOYEE HOLMAN BOILER WORKS

9.1    Defendant Holman Boiler Works owed Plaintiff Terrance Lee Christopher a legal duty to hire, supervise, train, and/or retain competent employees and/or agents. Defendant Holman Boiler Works breached this duty and the breach proximately caused the Plaintiff's injuries and damages. Prior to the occasion in question.

### X. CAUSES OF ACTION AGAINST CLEAVER-BROOKS SALES AND SERVICE, INC.

10.1    On or about December 1, 2014, Defendant Holman Boiler Works' assets and liabilities were purchased by Defendant Cleaver-Brooks. Defendant Cleaver-Brooks assumed all of the liabilities of Holman Boiler Works and is, therefore, liable for the negligent acts of Holman Boiler Works and Holman Boiler Works' agents, which occurred prior to the acquisition. Defendant Cleaver-Brooks does business as Clever-Brooks and/or Holman Boiler Works.

10.2    In the alternative, Holman Boiler Works survived a merger of entities, which occurred on or about December 1, 2014, and changed its name to Cleaver-Brooks Sales and Services, Inc., doing business as Cleaver-Brooks and/or Holman Boiler Works.

Plaintiff's Original Petition with Written Discovery    Page 5


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

## XI. DAMAGES AND RELIEF SOUGHT

11.1  By reason of the foregoing, Plaintiff seeks compensation for the following damages:

a.  Physical pain and suffering sustained in the past and, in all reasonable probability, that will be sustained in the future;

b.  Mental anguish and suffering sustained in the past and, in all reasonable probability, that will be sustained in the future;

c.  Past and future physical impairment resulting from the accident;

d.  Medical expenses the Plaintiff has incurred in the past;

e.  Medical expenses the Plaintiff will, in all reasonable probability, incur in the future;

f.  Loss of past earning capacity and loss of future earning capacity;

g.  Past and future disfigurement and scarring;

h.  Exemplary damages; and

i.  All other elements of damage to which Plaintiff may be entitled to under the law.

## XII. REQUEST FOR DISCLOSURE

12.1  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants disclose within fifty (50) days of service of this request the information and materials described in Rule 194.2 (a) – (l), including "the name, address, and telephone number of any person who may be designated as a responsible third party."

## XIII. REQUEST FOR TRIAL BY JURY

13.1  Plaintiff respectfully requests a trial by jury in the above matter.

## XIV. PRAYER

14.1  By reason of the above and foregoing, Plaintiff has been damaged in a sum within



the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited to appear and answer, and that upon final trial Plaintiff recover:

a. Judgment against Defendants for Plaintiff's damages as set forth above;

b. Interest on the judgment at the legal rate from date of judgment;

c. Prejudgment interest on Plaintiff's damages as allowed by law;

d. Costs of court; and

e. Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**TATE REHMET LAW OFFICE, P.C.**

2902 North U.S. Highway 75
Sherman, Texas 75090
Phn: (903) 892-4440
Fax: (972) 387-2725
Email: service@tatelawoffices.com

By: _____
**CHRISTOPHER REHMET**
State Bar No.: 24035414

**ATTORNEY FOR PLAINTIFF**

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE